Lawson *vs.* Coates.

Plaintiff, having further proved the number and amounts of dividends declared on the stock since the transfer by Stinson, closed.

On motion of defendant a non-suit was ordered, and plaintiff excepted.

B. H. BIGHAM, for plaintiff in error.

SPEER & SPEER, for defendant.

---

THOMAS G. LAWSON, administrator, plaintiff in error, *vs.* ALFRED H. COATES, defendant in error.

1. A memorandum on an account and application for a mechanic's lien, not recorded with the lien, and with no proof in regard to the person who made the memorandum, or of its truth, is no evidence at all.
2. When the verdict of the jury has no legal evidence to sustain it, a new trial must be granted.

Mechanic's lien. Evidence. New trial. Before Judge BARTLETT. Putnam Superior Court. September Term, 1875.

Reported in the opinion.

THOMAS G. LAWSON, for plaintiff in error.

W. F. JENKINS, for defendant.

JACKSON, Judge.

This was a suit on a note secured by a mechanic's lien. The jury found for the plaintiff; the defendant moved for a

new trial; the court set aside the verdict and granted the new trial so far as respects the finding in favor of the validity of the lien; the plaintiff excepted, and assigns for error the grant of this new trial.

1. The single question is, was the lien recorded in thirty days? The only proof that it was so recorded was a memorandum on what was said to be the original account and application or claim for lien, to the effect that the work was completed on the 20th of November, 1874, but there was no proof on the point who put the memorandum there; the memorandum was not on the record; Leonard, the builder, could not say that he put it there, and stated that the work was finished on 25th of September, except one room which was worked on by one carpenter a week or ten days after that time; the note for the work was due the 1st of November, 1874; the lien was not recorded until the 17th of December; and really it seems to us that there was no legal evidence at all that the lien was recorded in thirty days, as the law at its date required.

2. The court, therefore, was compelled to grant the new trial on the ground that there was no evidence to support the verdict.

Judgment affirmed.